# COMMON PLEAS OF LACKAWANNA CO.

COM. TO USE OF SUPERVISORS OF SOUTH ABINGTON TOWNSHIP vs. THE PROVIDENCE AND ABINGTON TURNPIKE AND PLANK ROAD COMPANY.

### *CERTIORARI ON PART OF DEFENDANT*

1. The record of a Justice of the Peace should show jurisdiction on its face. This is especially true where the proceedings are of a summary nature.

2. In proceedings against Turnpike and Plank road companies for neglect to make necessary repairs the precept should be the same as other precepts required to be issued in the name of the Commonwealth and the return must show an attested, as well as true, copy served.

The proceedings in this case are under the Act of May 22d, 1878, which is a supplement to the act entitled "an act to provide for the incorporation and regulation of certain corporations," prescribing the proceedings and penalties in case of failure to keep turnpike and plank roads in repair. Hendrick, a resident of the township, gave written notice to the defendant's gate keeper that unless the places specified were repaired within fifteen days, complaint would be made in 'the manner provided by law. At the expiration of the time proceedings were begun and carried to judgment and what they were may be learned from the exceptions and the opinion of the Court. The defendant took a certiorari and filed the following exceptions:

1. The jurisdiction of the justice of the peace does not appear in his proceedings.

2. That the justice of the peace exceeded his jurisdiction.

3. The justice of the peace had no jurisdiction.

4. The justice selected persons for viewers that he knew contributed or had promised to contribute money towards the prosecution of this suit.

5. That the three persons who acted as viewers had

contributed and agreed to contribute money to defray the expenses of this suit, which fact the justice knew when he selected them, and therefore they were improper persons for viewers.

6. The justice's proceedings do not show that the portion of the road alleged to be defective is in the township of South Abington or in what place it is.

7. The justice's proceedings do not show that he was the nearest justice of the peace to the alleged defective road.

8. The justice's proceedings do not show that the persons selected as viewers were freeholders, nor that they were of the nighborhood of the road alleged to be defective, or of the neighborhood of the justice.

9. The precept did not issue in the name of the Commonwealth of Pennsylvania.

10. The precept was not served according to law.

MESSRS. WARD & HORN FOR CERTIORARI.

1. The justice's court is of limited jurisdiction.

2. The proceedings are extremely summary and penal and in derogation of the common law; therefore the justice is held strictly to his authority—the statute creating it. The remedy being special, the proceedings must be strictly within the letter and spirit of the statute. No presumption can be made in favor of the proceedings.

> Com'th vs. Kane, 2 Parsons, 265.
> Com'th vs. Sorber, 1 Luz. Leg. Ob., 42.
> Troubat & Haley Pr., Vol. 1, Part 2, 714.
> Fitts vs. Fisher, 3 Am. Law Reg., 248.
> Blashford vs. Duncan, 2 S. & R., 482.
> Manayunk vs. Davis, 2 Par., 284.
> Fryley vs. Sparks, 2 Par., 232.
> Com'th vs. 14 Hogs, 10 S. & R., 193.
> Snyder vs. Caffrey, 4 P. F. S., 90.
> Buchanan vs. Baxter, 17 P. F. S., 350.

3. Everything required to give the justice jurisdiction must appear affirmatively in his proceedings.

> Shaffer v. Sutton, 5 Binney; 228.
> Fohenstock v. Fausteur, 5 S. & R., 174.
> Freytag v. Anderson, 1 Ashmead, 100.
> Magee v. Fessler, 1 Barr, 130.
> MacGinnis v. Vernon, 17 P. F. Smith, 152.

McMullin v. McCrea, 4 P. F. Smith, 230.
Given v. Miller, 12 P. F. Smith, 136.
Black v. Coolbaugh, 2 Luz. Leg. Ob., 224.
Com. v. 14 Hogs, 10 S. & R., 193.
Strouser v. Kosier, 8 P. F. Smith, 496.
Shaw v. Comth, 22 P. F. Smith, 68.
D. & H. C. Co. v. Loftus, 21 P. F. Smith, 421.

4.   The act of 1878 is applicable only to Turnpike and Plank Road Companies, incorporated under the laws of this Commonwealth.   Pa. Laws, 1878, page 85.

5.   The proceedings of the justice do not affirmatively show, either by the complaint, docket entry or finding of the inquest, that the defendant was a corporation incorporated under the laws of this Commonwealth.   The words "incorporated under the laws of this Commonwealth" are descriptive of the road and of the company to which the act of 1878 is applicable.   A justice of the peace has jurisdiction only of a company and road so incorporated.   This not appearing in the proceedings of the justice his jurisdiction does not appear.

6.   The act of 1849 only applies to roads incorporated "by a special act of the General Assembly;" it does not appear in any part of the proceedings that defendant was incorporated—either by general laws or by a special act of assembly or in any other way;   therefore jurisdiction does not appear in the proceedings.

7.   The record does not show that an attested copy of the precept was served on the keeper of the toll gate—the omission is fatal.   Bank vs. Perdriaux, Brightly's reports page 67.

8.   The acts of 1849 and 1878 provide that complaint should be made to a justice of the neighborhood and should designate particularly where the road is defective. The proceedings do not show that the Justice was of the neighborhood or where the defective road was located. Therefore the proceedings do not show that the justice had jurisdiction.

9.   The act of 1849 gives one-half of the fine to the supervisors of the township where defective road is situate; the act of 1878 gives all the penalty to the supervisors, therefore

it must affirmatively appear on the record in what township the defective road is situated.

10. The proceedings do not show that the viewers were freeholders, as required by the act.

11. The precept did not issue in the name of the Commonwealth—therefore it is defective.

12. The action is not brought correctly, the complainant should be a party to the suit, as he is liable for costs in case of failure to sustain complaint; this defect cannot be cured, because the proceedings are *ex parte*, the defendant had no opportunity to plead in abatement or make defence in any form before the alderman and inquest.

S. B. PRICE, ESQ., CONTRA.

This is a suit under the act of 1874 which authorizes the imposition, under certain proceedings, of a penalty for neglect or refusal to repair a turnpike road.

P. L. 1874, page 87.

The form or style of the suit is correct. It should be brought in the name of the Commonwealth, etc.

Lackawaxen T. Co. vs. Com., 9 Barr 20.

If it were a summary conviction at common law, every thing necessary to give jurisdiction to the justice, etc., should appear affirmatively on the record.

Com. vs. Kane, 2 Parsons 265. In re Germ & Per. T. Co., 8 Phila. 377.

Wilt vs. Phila. & Lan. T. Co., 1 Brewster 411.

Com. vs. C. & W. T. Co., 2 Binney 257.

But this is a statutory proceeding, and if the provisions of the statute are substantially followed it is sufficient.

Opinion by HAND, J.

A difficulty meets us upon the threshold of this case, to ascertain what laws govern this corporation and were before the justice on the adjudication. Were they general or special laws? If general, how are we to know it, and

if general and we can take judicial notice of them, can we take judicial notice of the fact that this corporation was created under the general laws? This is necessary for us to determine, because this whole proceeding was based on the act of 1878 (P. L. 85) which is a supplement to the act of 1874, (P. L. 85) which provides in clause seven that "the provisions of this section (7) shall apply to all turnpike roads in existence in this Commonwealth governed and controlled by general laws." We have examined carefully the transcript and procedings and find no description of this turnpike company as a corporation created either under the general or special laws of this state. Courts may take judicial notice of general laws (Greenleaf on Ev., Vol. 1, Sec. 5, note 2) and may presume the correctness of judicial proceedings (Ibid Sec. 19) but can we presume of such correctness when the record leaves us in doubt in regard to which class of laws the proceedings were under, and if they were not under a general law the proceedings are necessarily defective, by reason of want of jurisdiction? We think not. The jurisdiction of the court must appear on the face of the record and especially in a case of this character partaking of summary proceedings, should this appear. In proceedings of this nature the record must show enough by way of description to indicate that this turnpike company was governed and controlled by general laws.

This disposes of the first three exceptions, and we must sustain the certiorari and reverse the judgment of the justice. We are strenuously urged to dispose of the other exceptions, which we do as follows:

The fourth and fifth exceptions, viz: That the justice selected persons for viewers that he knew contributed or had promised to contribute money to prosecute this suit, are not sustained by any evidence.

The sixth exception, that the proceedings do not show that the portion of the road alleged to be defective is in the township of Abington or in what place it is, touches the question of regularity, and while it is

proper to enter the fact upon the record, it would be pre-
sumed to have been formed of proceedings even otherwise
regular, the portion of road is sufficiently designated to
inform the company where to repair.

The same holds true with reference to the seventh ex-
ception. It would be proper to state that he is the nearest
justice, but after a hearing it seems to us, unless the testi-
mony shows to the contrary, it would be presumed the
proceedings were regular and this court could not enter
into an exact measurement in regard to the location of
the office of the justice.

In regard to the eighth exception we think the record
shows that the viewers selected were freeholders and that
the law would presume, after hearing, that they were of
the neighborhood.

The ninth exception we sustain under the act of 20th
March, 1810, section 22. The precept should not differ
from other precepts required to be issued in the name of
the Commonwealth.

We also sustain the tenth exception. The return must
show an attested copy served, as well as a true copy.
Bank vs. Perdriaux, Brightly 67.

In this connection we would state that in proceedings
of this character, under laws requiring corporations to
fulfill the objects of their incorporation, and where the
objects of their incorporation are so intimately connected
with the public convenience, we deem it important that
courts should give a liberal construction to the acts of
assembly regulating their conduct. We do not consider
it necessary in order to protect the rights of turnpike
companies that we should hold proceedings to such a line
of strictness as is indicated by the argument of the de-
fendant's counsel. While they are in the nature of sum-
mary proceedings they are still proceedings for the benefit
of the corporation, calling them to a proper care in the
exercise of rights conferred by the commonwealth, and
protecting the people against injury by neglect of those
rights. We think a substantial compliance with the

requisites of the law is all that is required. The legisla-
ture necessarily has reserved to itself, under its police,
power to regulate corporations deriving their charters
from the commonwealth, the right to pass laws which
require citizens to exercise their rights in a particular
form. If a city or municipalty deriving its power from
the State may legislate over citizens within its borders,
and include corporations as subject to reasonable and
proper regulations under penalties, certainly the soverign
power of the State may so legislate as to compel turnpike
companies to keep their roads in repair. We think, there-
fore, that clause seven of the act of 1874 and the act of
1878 are binding on corporations created under general
laws. The difficulty in this case is our inability to dis-
cover that these defendants are so incorporated. The
justice's proceedings recite that they are under the act of
1878. It is therefore unnecessary for us to consider
whether these proceedings can be sustained under the act
of 1849.

The proceedings of the justice are reversed.

## NOTES OF RECENT DECISIONS IN THE SUPREME COURT OF PENNSYLVANIA.

W. bought property at an Orphans' Court sale, took
possession, paid half the purchase money, and became
bound for the payment of the other half in one year. He
took out policies of insurance upon the property, contain-
ing a condition that if the interest of the assured be any
other than the entire, unconditional, and sole ownership
for the use and benefit of the assured, it must be so repre-
sented to the company, and expressed in the policy, other-
wise the policy to be void. The exact nature of his inter-
est was not specified in the policies. The property was
destroyed by fire before the final payment of purchase

money, and receipt of deed. In an action against the insurance company to recover the insurance:

*Held*, That W.'s title, though an equitable one, never-theless vested in him the entire, unconditional, and sole ownership, subject to the payment of the balance of pur-chase money, and that he was entitled to recover.—*Mill-ville Ins. Co. vs. Wilgus.*

---

To render evidence of a contemporaneous parol agree-ment admissible to vary materially or contradict a writ-ing, it must be alleged that upon the faith of the parol agreement the written instrument was signed.

PER CURIAM. "We cannot agree that a supplemental affidavit is confined to an explanation of the original, and cannot set up a different defence; such a course, however, is suspicious, and requires that the new defence should be closely scrutinized."—*Callen vs. Lykens.*

---

Where part of the capital of a national bank is invested in a building used for banking purposes, and the bank pays into the State treasury the tax of one per cent., pre-scribed by Act of Assembly, upon the par value of all its shares, the building cannot be taxed for county purposes, although the cashier occupies the part of the building not used for banking as a residence.—*Lancaster Co. vs. Lan-caster Co. National Bank.*

---

The notes of the testimony of a witness taken before an auditor, without any proof of their genuineness or accu-racy, are not depositions and are inadmissible in evidence as such.—*Matthewson vs. Wilson.*